## SISTO CARPIO, ALIAS RATON, V. THE STATE.

No. 16859.   Delivered June 20, 1934.

The opinion states the case.

*Charles J. Stein,* of Corpus Christi, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin for the State.

CHRISTIAN, JUDGE.—The offense is assault with intent to murder; the punishment, confinement in the penitentiary for three years.

On the night of July 9, 1933, a policeman of the city of Corpus Christi, upon being called to the scene of a difficulty, found that C..C. Combs had been cut with a knife. One of the witnesses for the State testified that at the time he considered Combs' wounds to be of a serious nature. He said: "Mr. Combs had been beaten over the head and his ear. He had a cut on his face and on his ear. Blood was on his shirt. I assisted Mr. and Mrs. Combs in obtaining medical attention." Appellant and Clemente Fernandez were immediately arrested in a restaurant where they were eating chili. They had fresh blood on their clothes. In the possession of appellant were two pocket knives, one of which had a bent blade with blood on it. The blade was two and one-half inches long. The length of the knife with the blade open was five inches. The proof was to the effect that the knife was likely to produce death when used as a weapon. The arresting officers found in the possession of Fernandez a "blackjack." They described it as being constructed of garden hose with a piece of pipe inside of the hose, the pipe being about three-quarters of an inch in diameter.

Altogether it was twelve inches long. The testimony was also to the effect that the "blackjack," when used as a weapon, was likely to produce death. The State introduced in evidence appellant's confession in which it was stated that while Mr. and Mrs. Combs, Fernandez and appellant were riding in an automobile Fernandez tried to kiss Mrs. Combs; that becoming angered Combs stopped the car; that as the car stopped, appellant jumped out and opened his knife and when Mr. Combs got out, cut him on the fingers and on his ear; that as he attacked Combs with the knife, Fernandez beat him over the head with the lead pipe; that Combs fell to the ground; that believing that they had killed him, he (appellant) and Fernandez ran away, going to the restaurant where they were later arrested by the officers; that the knife with the bent blade found in his possession was the one he used in attacking Combs.

Testifying in his own behalf, appellant declared that, without any provocation on his part, Combs attacked him; that he cut Combs in an effort to stop the attack, and with no intention of killing him. Appellant's testimony in the main repudiated his confession.

The evidence is deemed sufficient to support the conviction.

No order extending the time allowed by statute for filing bills of exception was entered. The term of court at which appelant was convicted adjourned December 30, 1933. In the absence of an extension order appellant had thirty days after the day of adjournment in which to prepare and file his bills of exception. Several of the bills were filed February 28, 1934; one was filed February 26th, and another on February 8th. Manifestly, all of said bills were filed more than thirty days after the day of adjournment. This being true, we are inhibited by the statute from considering said bills. See article 760, C. C. P.

The sentence, which recites that appellant is condemned to confinement in the penitentiary for not less than two nor more than three years, is reformed in order that it may be shown that appellant's term of punishment is fixed at not less than one nor more than three years.

As reformed, the judgment is affirmed.

*Judgment reformed and affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.